**IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

**Date: September 15, 2006**

Courtroom Deputy: Ginny Kramer
Court Reporter:   Suzanne Claar
Probation Officer: Lisa Pence

---

**Criminal Case No.  05-cr-00376-REB**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Ken Harmon |
| v. | |
| 3.    ZHENG ZHI CHEN, | Kenneth Eichner |
|          Defendant. | |

---

### SENTENCING MINUTES

---

**10:15 a.m.    Court in session.**

The Defendant is present in Court (on bond).

Appearances of counsel.

The record should reflect that immediately prior to the commencement of these proceedings the Court met with counsel and the Probation Officer in chambers

Opening statements by the Court.

Pursuant to 18 U.S.C. § 3352 and F.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report.

Counsel for the defendant informs the Court that he has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his punishment and commented on the probation officer's determinations and other matters affecting sentence.

The Defendant is sworn.

Statement to the court by the defendant.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offenses for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report and addendum.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3562(a) and 3553(a)(2).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentences, and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

2. That the Government's Motion for Downward Departure Pursuant to 5K1.1, [#125] filed September 8, 2006 is **GRANTED**. The Government's Motion for Decrease for Acceptance of Responsibility, [#126] filed September 11, 2006, is **DENIED.** The Government's Motion to Dismiss Counts One, Three, Six, and Nine, [#127] filed September 11, 2006, is **GRANTED**. **Counts One, Three, Six, and Nine of the Indictment are dismissed with prejudice.**

3. That judgment of conviction under Fed.R.Crim.P 32(k) is entered on Counts Seven and Eight of the Indictment .

4. That pursuant to the Sentencing Reform Act of 1984, and the provisions of 18 U.S.C. §§ 3561 and 3562, the defendant is sentenced to supervised probation for a term of **two (2) years**, commencing immediately. During

    which term the defendant shall be subject to the jurisdiction of the court and probation department.

5.  That immediately following the conclusion of this sentencing hearing, the defendant shall report in person to Probation Officer, Ms. Lisa Pence, to schedule an appointment and time to read, review, discuss, and sign the conditions of supervised probation now required and ordered by this court.

6.  That while on supervised probation, the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

7.  That while on supervised probation, the defendant shall comply with all mandatory conditions of supervised probation, prescribed by law at 18 U.S.C. §3583(d) and USSG §5D1.3(a).

8.  That while on supervised probation, the defendant shall comply with the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised probation;

    - that the defendant shall not possess or use illegally any controlled substances;

    - that the defendant shall not possess or use any firearm or any destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of his DNA;

    - that the defendant shall not be employed in or affiliated with the pharmaceutical industry without the approval of the probation department, which approval shall not be unreasonably withheld in connection with this discretionary or special condition of probation;

    - that the defendant shall not incur new credit charges or open additional lines of credit without the approval of his probation officer and unless the defendant is in compliance with any periodic payment obligations imposed pursuant to this court's judgment and

        sentence, including those obligations as delegated to the probation department for determination;

- that the defendant shall make and pay restitution as ordered and required by the court.

9. That the defendant shall pay a fine in the amount of $2,000.00, which is applicable jointly to both Counts 7 and 8; provided furthermore, that interest is waived.

10. That the defendant shall pay forthwith a special victim's fund assessment of $100.00 for each count of conviction, for a total of $200.00.

11. That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are waived.

12. That the defendant shall pay restitution for the benefit of the United States in the stipulated amount of $18,980.00, payable in care of the Clerk of Court in full, to be paid jointly with co-defendant Douglas Adams.

The Defendant waives formal advisement of appeal.

Defendant makes an oral motion for the return of his passport.

Response by the Government.

**ORDERED:** 1. That the defendant's passport is released from the custody of the Clerk of this Court, and shall be returned to the defendant as soon as practicable; provided furthermore, that restrictions on travel remain subject to the review and approval of the probation officer having supervision of Mr. Chen.

**10:50 a.m.    Court in recess.**

*Total in court time: 00:50 minutes - Hearing concluded*